IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| ANDRES F. MUNERA | § |
| | § |
| VS. | §   C.A. NO. C-05-091 |
| | § |
| WARDEN O. MENDOZA, ET AL. | § |

## OPINION AND ORDER OF DISMISSAL

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A(b). Plaintiff has been granted leave to proceed *in forma pauperis*, though his action is subject to screening regardless whether he prepays the entire filing fee or proceeds as a pauper. See Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); Martin v. Scott, 156 F.3d 578, 579 (5th Cir. 1998). Plaintiff's *pro se* complaint must be read indulgently, see Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 595-96 (1972), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible, see Denton v. Hernandez, 504 U.S. 25, 33, 122 S. Ct. 1728, 1733 (1992). Applying these standards, plaintiff's action is dismissed for failure to state a claim.

## I. JURISDICTION

The Court has federal question jurisdiction under 28 U.S.C. § 1331. Plaintiff has consented to the jurisdiction of a magistrate judge (D.E. 7). On March 16, 2005, this action was re-assigned by Order of Re-Assignment (D.E. 8). The action has not been served upon the defendants.

## II. BACKGROUND

Plaintiff is currently incarcerated at the French Robertson Unit in Abilene, Texas. At the time of filing his complaint, plaintiff was incarcerated at the Garza West Unit in Beeville, Texas, and he complains of a disciplinary charge and conviction from that Unit. In particular, plaintiff claims that defendants violated his civil rights when they wrongfully accused him of a disciplinary violation and found him guilty of the charge. Plaintiff sues: Warden O. Mendoza; Assistant Warden Robert E. Ford; Major Bryan C. Gundy; Captain Anthony Walls; Lt. Olga Garcia; and Correctional Officer Maria Garza. A *Spears*[1] hearing was conducted on June 3, 2005. The following allegations were made in plaintiff's complaint or at the hearing.

On September 24, 2004, Officer Garza was conducting count on plaintiff's dorm when she noticed a sheet hanging over the exit door. Officer Garza ordered the sheet removed but, because it was still wet, an offender draped it over the top of #7 and #9 bunks, obstructing the view of bunks #8 and #10. Officer Garza ordered the offenders in #8 and #10 bunks to show their I.D. cards, but these offenders refused and asked to speak to a supervisor. Officer Garza notified her co-worker, Officer Watson, who then also attempted to get the I.D. cards from the offenders, but he, too, was refused and the offenders asked to speak to a shift supervisor. After Officer Watson refused to send for a shift supervisor, a disruption arose and offenders started tying their sheets to bars and beating the walls. Lt. Garcia and Lt. Trevino arrived at the dorm with other officers, tear gas, and 2 video cameras. Lt. Trevino asked plaintiff what was happening, and plaintiff reported that he did not know because he

---

[1] See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

had been asleep in his bunk. Warden Mendoza arrived, ordered all the offenders to their bunks, and the two offenders that initiated the disturbance were removed from the dorm.

All 22 inmates in the dorm, including plaintiff, were charged with creating a disturbance and refusing to obey an order. At plaintiff's disciplinary hearing, Lt. Trevino testified on behalf of plaintiff, stating that plaintiff had been in his bunk and was not part of the disturbance. Despite Lt. Trevino's testimony, plaintiff was found guilty of the disciplinary violations. As punishment, plaintiff received a reduction in his line class from S4 to L2, 30 days loss of commissary and recreation privileges, and six months medium custody. In turn, because of his reduction in line class, plaintiff was not eligible for parole consideration.

Plaintiff's step 1 and step 2 grievances were denied.

Plaintiff claims that his being charged with a disciplinary violation in this instance amounts to cruel and unusual punishment because there was no evidence to support the charges against him. He claims that Warden Mendoza violated his rights by ordering that all inmates be charged with a disciplinary offense. He claims that Assistant Warden Ford violated his rights because he failed to advise Warden Mendoza that plaintiff had not participated in the disruption. He claims that Major Gundy failed to investigate the disruption properly. He claims that Capt. Walls, the disciplinary hearing officer, violated his rights by finding him guilty. He claims that Lt. Olga Garcia violated his rights by allowing the disruption to escalate to the point that all offenders got a disciplinary case. Plaintiff believes that Lt. Garcia should have removed the primary offender from the dorm immediately, but she just laughed. Finally, plaintiff claims that Officer Garza violated his constitutional rights by writing the disciplinary charge and by testifying at his disciplinary hearing that he was out of his bunk.

### III.  DISCUSSION

**A.     Claims under 42 U.S.C. § 1993.**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-55 (1988); see also Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995).  An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief.  See Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002). The complaint must be liberally construed in favor of the prisoner and the truth of all pleaded facts must be assumed.  See id.

**B.     Cruel and unusual punishment.**

Plaintiff claims that defendants' decision to charge him with a disciplinary case and the finding of guilty on those charges amounts to cruel and unusual punishment.

The Eighth Amendment prohibits cruel and unusual punishment.  Prison officials must provide humane conditions of confinement; ensure that inmates receive adequate food, clothing, shelter, and medical care; and take reasonable measures to guarantee the safety of the inmates.  Farmer v. Brennan, 511 U.S. 825, 832, (1994).  Conditions that result in "unquestioned and serious deprivations of basic human needs" or "deprive inmates of the minimal civilized measure of life's necessities" violate the Eighth Amendment.  Hudson v. McMillian, 503 U.S. 1, 8-10 (1992); Rhodes v. Chapman, 452 U.S. 337, 347.  Such a violation occurs when a prison official is deliberately indifferent to an inmate's health or safety.  Farmer, 511 U.S. at 834.  Deliberate indifference is more than mere negligence.  Id. at 835.  To act with deliberate indifference, a prison official must both know of and disregard an

4

excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference. Id., at 837.

Plaintiff's allegation, that the disciplinary charges against him were false, even if true, fails to state an Eighth Amendment deliberate indifference claim. There is no allegation of risk of harm to plaintiff's health or safety, nor does the filing of charges, even if false, shock the conscience. United States v. Saleron, 481 U.S.739, 746 (1987) (substantive due process prohibits the state actors from engaging in conduct that "shocks the conscience."). Plaintiff's allegation of cruel and unusual punishment fails to state a claim.

**C.     Due process.**

At the Spears hearing, plaintiff stated that he was not challenging the disciplinary hearing itself on due process grounds. He admitted that he received adequate notice of the charges against him and of the hearing, that he had the opportunity to attend the hearing and to put on a defense, including calling Lt. Trevino as a witness. To the extent plaintiff is challenging the punishments he received as a result of the disciplinary conviction, he fails to state a constitutional violation. See Sandin v. Conner, 515 U.S. 472 (1995) (due process protections do not attach to ordinary prison disciplinary cases, but only those which serve to lengthen the inmate's sentence or exceed its expected parameters).

In Sandin, the prisoner, Conner, directed angry and foul language at a prison guard during a strip search. As a result, he was placed in disciplinary segregation for thirty days as punishment for violating prison disciplinary rules. Conner argued that he had a state-created liberty interest in remaining free from segregation. The Court held that Conner's confinement in disciplinary segregation for thirty days "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." Sandin, 515 U.S. at 486. Although the action taken by the

prison officials was punitive, it did not "present a dramatic departure from the basic conditions of Conner's indeterminate sentence." Id. The Court noted that the conditions imposed on Conner were essentially the same as those imposed on inmates in administrative segregation and protective custody. "Thus, Conner's confinement did not exceed, similar, but totally discretionary, confinement in either duration or degree of restriction." Id.

Here, plaintiff's punishments of 30 days loss of recreation and commissary privileges, medium custody confinement, and a reduction in his time earning classification are merely penalties which do not represent the type of atypical, significant deprivation in which a state might create a liberty interest. See Harper v. Showers, 174 F.3d 716, 719 (5th Cir. 1999) (finding no liberty interest in prison classification); Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997) (30 day commissary and cell restriction does not implicate due process clause); Malchi v. Thaler, 211 F.3d 953 (5th Cir. 2000)(prisoner has no constitutionally cognizable right to a particular time earning status). Therefore, because custodial classification and loss of privileges are not claims of constitutional dimension, they cannot be brought in a § 1983 action.

## IV. **CONCLUSION**

For the foregoing reasons, plaintiff's action is dismissed pursuant to 42 U.S.C. § 1997e(c) and 28 U.S.C. §§ 1915(e)(2), 1915A(b). Plaintiff's Eighth and Fourteenth Amendment claims fail to state a claim and warrant dismissal with prejudice.

ORDERED this 23rd day of June, 2005.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE